UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

MCDONALD'S RESTAURANTS OF FL, INC.
d/b/a McDonald's #90561 at 3200 South Dixie
Highway, and MCDONALD'S CORPORATION

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant McDonald's Restaurants of FL, Inc. doing business as the McDonald's restaurant located at 3200 South Dixie Highway, Miami Florida 33133, and Defendant McDonald's Corporation for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

**PARTIES**

3. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

4. Defendant McDonald's Restaurants of FL, Inc. (also referenced as "Defendant Restaurant," "operator," lessee" or "co-Defendant") is a Florida for profit corporation which owns many fast-food franchise restaurants throughout Florida, including the McDonald's restaurant known as McDonald's #90561 which is the subject of this action. On information and belief, McDonald's Restaurants of FL, Inc. is a wholly owned subsidiary of co-Defendant McDonald's Corporation.

5. Defendant McDonald's Corporation (also referenced as "lessor," "owner," or "co-Defendant") is the owner of commercial real property identified as folio 01-4116-022-0130 with physical address of 3200 South Dixie Highway, Miami Florida 33133. This commercial property is built out as a stand-alone fast-food restaurant.

**FACTS**

6. At all times material hereto, the commercial space encompassing the commercial real property located at Defendant McDonald's Corporation's 3200 South Dixie Highway location has been leased to the co-Defendant Restaurant. The lessee in turn has operated the "McDonald's #90561" fast food restaurant within that leased space.

7. The McDonald's restaurant chain consists of McDonald's brand restaurants which are owned by McDonald's Corporation and other McDonald's restaurants which are

owned and operated by franchisees. McDonald's restaurants serve American style hamburgers, salads, shakes, drinks and deserts. Each McDonald's restaurant is open to the general public and therefore each restaurant is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The McDonald's restaurant which is the subject to this action is also referred to as "McDonald's #90561," "McDonald's at 3200 South Dixie Highway," "restaurant" or "place of public accommodation."

8. At all times material hereto, Defendant Restaurant was (and is) the owner and operator of the McDonald's #90561 restaurant located at 3200 South Dixie Highway. As with all McDonald's restaurants, this McDonald's restaurant is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

9. As the operator the McDonald's #90561 restaurant located at 3200 South Dixie Highway, Defendant Restaurant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. As the owner of commercial real property which is operated as a restaurant open to the public, Defendant McDonald's Corporation is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Plaintiff is frequently in the vicinity of 3200 South Dixie Highway in Miami therefore on July 12, 2021 Plaintiff went to the McDonald's restaurant at that location with the intent of purchasing a meal and dining in the eating area located therein.

12. While Plaintiff purchased a meal, he encountered many areas of inaccessibility related to the restroom facilities. As a result, Plaintiff left the McDonald's restaurant feeling excluded, humiliated and dejected.

13. On information and belief, Defendant McDonalds Corporation and its subsidiary Defendant Restaurant are well aware of the need to provide equal access to individuals with disabilities as both parent and subsidiary own and operate many McDonald's brand fast-food restaurants and their combined failure to reasonably accommodate individuals with disabilities at the McDonald's franchise #90561 restaurant located at 3200 South Dixie Highway is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

14. While in this instance, McDonald's Corporation is the property owner and leases its commercial space to its wholly owned subsidiary, McDonald's Corporation is one of the largest fast-food international corporations in the world and is the second largest private employer in the United States[1]. It is listed on the NYSE and has over 37,855 restaurants in over 100 countries. As the owner of the McDonald's franchise brand, Defendant McDonald's Corporation and its subsidiaries are well aware of the ADA and the need to provide for equal access within its 3200 South Dixie Highway commercial property. Therefore, Defendant McDonald's Corporation's de facto failure to reasonably accommodate individuals with disabilities at its real property is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

15. Based on the above delineated access impediments, Plaintiff has been denied full and equal access to, and full and equal enjoyment of the McDonald's #90561 restaurant

---

[1] https://en.wikipedia.org/wiki/McDonald%27s

4

by the operator/lessee of that restaurant (Defendant Restaurant) and by the owner/lessor of the commercial property which houses the restaurant (Defendant McDonald's Corporation).

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff is and has been a customer of McDonald's restaurants. Plaintiff often dines at McDonald's fast-food restaurants and continues to desire to return to the 3200 South Dixie Highway McDonald's restaurant to purchase food and eat in the dining area, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

21. Congress explicitly stated that the purpose of the ADA was to:

    (i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the McDonald's #90561 restaurant located at 3200 South Dixie Highway in order to purchase a meal and dine therein. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access within that restaurant. Therefore, Plaintiff has suffered an injury in fact.

23. Defendants have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the McDonald's #90561 restaurant located at 3200 South Dixie Highway in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the McDonald's #90561 restaurant.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The 3200 South Dixie Highway commercial space owned by Defendant McDonald's Corporation houses a McDonald's restaurant which is operated by a McDonald's Corporation subsidiary (co-Defendant McDonald's Restaurants of FL, Inc.) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and Defendants are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant Restaurant (lessee/operator) and Defendant McDonald's Corporation (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open/close. This is violative in many areas: The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum,

       and 404.2.8.2 delineates door closing speed. The subject door is in violation of all these sections.

ii. As to Defendant Restaurant (lessee/operator), and Defendant McDonald's Corporation (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not the required length. The rear wall grab bar is 24" long, which violates Section 4.16.4 and Figure 29 of the ADAAG which states that the grab bar behind the water closet shall be 36 in (915 mm) minimum in length. This also violates Section 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

iii. As to Defendant Restaurant (lessee/operator) and Defendant McDonald's Corporation (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Restaurant (lessee/operator) and Defendant McDonald's Corporation (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers

        shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

    v.    As to Defendant Restaurant (lessee/operator) and Defendant McDonald's Corporation (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard as the men's restroom lavatory sink has unwrapped bottom sink pipes, which does not provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG §§606, 606.5 and/or §4.24.6 of the 1991 ADA Standards, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §606.5.

    28.    More access barrier violations may be present and these potential additional violations will be determined and proven through the discovery process.

    29.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the McDonald's #90561 restaurant located at 3200 South Dixie Highway accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

    30.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property owner Defendant McDonald's Corporation and the McDonald's #90561 restaurant operator Defendant McDonald's Restaurants of FL, Inc. and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities;

c) The Court enter an Order requiring Defendants to alter the commercial property and the McDonald's #90561 fast-food restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 10th day of August, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*